IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

DARRYL HAHN,

    Plaintiff,

v.

ARGOS USA LLC,

    Defendant.

Civil Action No. _____
3:23-CV-136 (Groh)
(Removal from Circuit Court of Berkeley County, West Virginia, Civil Action No. CC-02-2023-C-155)

ELECTRONICALLY FILED
May 25 2023
U.S. DISTRICT COURT
Northern District of WV

## NOTICE OF REMOVAL

Defendant Argos USA LLC ("Argos" or "Defendant"), by counsel, removes the above-captioned case from the Circuit Court of Berkeley County, West Virginia, to the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Argos submits the following:

### Statement of Removal

1. On or around May 1, 2023, Plaintiff Darryl Hahn ("Plaintiff") commenced this civil action against Defendant by filing a Complaint in the Circuit Court of the Berkeley County, West Virginia, styled *Darryl Hahn v. Argos USA LLC*, Civil Action No. CC-02-2023-C-155. On May 3, 2023, Defendant was served with the Complaint by certified mail. A certified copy of the docket sheet of the Circuit Court of Berkeley County is attached as *Exhibit A*. In addition, true and complete copies of the affidavit of service, summons, pleadings, and orders filed in the state court action are attached as *Exhibit B*.

4870-5695-8821.v1

2. This Notice of Removal is filed within thirty days of service of Plaintiff's Complaint upon Defendant, and within one year of the commencement of this action in accordance with 28 U.S.C. §§ 1446(b), (c). Accordingly, this removal is timely.

3. Pursuant to 28 U.S.C. §1441(a), removal of an action is proper in "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

4. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 because (1) the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and (2) there is complete diversity of citizenship between Plaintiff and Defendant.

5. Removal is properly made to the United States District Court for the Northern District of West Virginia under 28 U.S.C. §§ 1441(a) and 1446(a) because Berkeley County, where this action is pending, is within the Northern District of West Virginia. 28 U.S.C. § 129(a).

6. The Complaint in this action arises from Plaintiff's termination from employment with Defendant and asserts three causes of action against Defendant for (1) disability discrimination under the West Virginia Human Rights Act ("WVHRA"); (2) age discrimination under the WVHRA; and (3) retaliation under the WVHRA or common law.

**Amount in Controversy**

7. Section 1332(a) requires that the amount in controversy in diversity actions exceed $75,000, exclusive of interest and costs. 28 U.S.C § 1332(a). If the plaintiff "does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (alteration in original) (citation omitted); *see also* 28 U.S.C. §

1446(c)(2)(B). Under this standard, the removing party need only "show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount." *Heller v. TriEnergy, Inc.*, 877 F. Supp. 2d 414, 427 (N.D.W. Va. 2012). "The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." *Asbury-Castro v. GlaxoSmithKline, Inc.*, 352 F. Supp. 2d 729, 733 (N.D.W. Va. 2005) (citation omitted).

8. The amount in controversy in this case exceeds $75,000. Plaintiff seeks monetary damages based upon his allegations that Defendant unlawfully terminated his employment. Plaintiff does not quantify the sum of the damages that he seeks in his Complaint; however, the Complaint seeks various damages for back pay, front pay, general damages for annoyance, inconvenience, and humiliation, attorneys' fees and costs, and punitive damages based on three separate theories of recovery. (Ex. B, Compl. ¶¶ 22, 27, 30, 33, "Prayer for Relief.)

9. The WVHRA allows successful plaintiffs to recover "back pay or any other legal or equitable relief as the court deems appropriate." W. Va. Code § 5-11-13(c). Additionally, W. Va. Code § 5-11-13(c) authorizes the recovery of front pay and punitive damages. *See Haynes v. Rhone-Poulenc, Inc.*, 521 S.E.2d 331, 345–48 (W. Va. 1999); *Dobson v. E. Associated Coal Corp.*, 422 S.E.2d 494, 501 (W. Va. 1992); *Castell v. Consolidation Coal Co.*, 383 S.E.2d 305, 311 (W. Va. 1989).

10. Plaintiff's claims for lost wages, punitive damages, and attorneys' fees satisfy the jurisdictional amount. Plaintiff alleges that his employment was terminated on November 10, 2021. (Ex. B, Compl. at ¶ 5). As of the date of removal, Plaintiff seeks back wages spanning more than 18 months. As reflected in the Request for Separation form Argos submitted to Workforce West Virginia in connection with Plaintiff's claim for unemployment compensation

benefits, Plaintiff earned $1,808.31 per week at the time his employment with Argos was terminated, or approximately $94,000 per year. *See* Request for Separation Information form attached as ***Exhibit C***. Eighteen months of lost wages at this rate equals over $141,000. Accordingly, Plaintiff's plea for back wages alone satisfies the jurisdictional amount necessary for diversity.

11. As noted above, Plaintiff also seeks recovery of front pay. Front pay damages are a form of compensatory damages and are calculated to put the former employee in the same economic position that the employee would have enjoyed had the employee not been discharged. *See Peters v. Rivers Edge Min., Inc.*, 680 S.E.2d 791, 814 (W. Va. 2009). Because Plaintiff's salary at the time of his termination was approximately $94,000, it is likely his claim for front pay alone also satisfies the statutory amount in controversy of $75,000.

12. Plaintiff also seeks punitive damages. The Court should consider Plaintiff's claim for punitive damages when "determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action." *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D.W. Va. 1994) (citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238 (1943)). Other plaintiffs pursuing relief under the WVHRA for alleged discrimination have, in the past, obtained sizeable punitive damage awards. *See, e.g., Constellium Rolled Prods. Ravenswood, LLC v. Griffith*, No. 13-1084, 2014 WL 5315409, at *6 (W. Va. Oct. 17, 2014) (memorandum decision) (affirming $250,000 punitive damage award to WVHRA, gender discrimination Plaintiff); *West Virginia Am. Water Co. v. Nagy*, No. 101229, 2011 WL 8583425, at *4 (W. Va. June 15, 2011) (memorandum decision) (affirming $350,000 punitive damage award to WVHRA, age discrimination Plaintiff); *Peters*, 680 S.E.2d at 823–24 (affirming $1,000,000 punitive damage award to WVHRA, retaliatory discharge Plaintiff).

13. Plaintiff also seeks attorneys' fees and costs. A claim for attorneys' fees is properly included in the amount in controversy where a statute expressly allows the payment of such fees. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013). The WVHRA expressly allows the payment of attorneys' fees. W. Va. Code § 5-11-13(c). Both state and federal courts have awarded attorneys' fees under section 5-11-13(c). *See Muovich v. Raleigh Cty. Bd. of Educ.*, 58 F. App'x 584, 591 (4th Cir. 2003) (affirming award of $260,000 in attorneys' fees and costs in context of claim for disability discrimination under WVHRA); *Dobson*, 422 S.E.2d at 502 n.16 (affirming $94,887.05 in attorneys' fees and costs in context of claim for age discrimination under WVHRA). In light of fee awards in other cases under the WVHRA, Plaintiff's claim for attorneys' fees and costs, standing alone, likely satisfies the total amount in controversy. *See Mullins*, 861 F. Supp. at 24 (noting that in determining amount in controversy, "[t]he court . . . is not required to leave its common sense behind.").

14. Although the Complaint does not demand a specific sum for damages, the Court "may look to the entire record before it and make an independent evaluation as to whether or not the jurisdiction amount" is satisfied. *Adkins v. Wells Fargo Fin. West Virginia, Inc.*, 2009 WL 1659922 (S.D.W. Va. June 15, 2009). As set forth above, given Plaintiff's multiple claims and requests for damages, including lost wages, punitive damages, attorneys' fees, and general damages for annoyance, inconvenience, and humiliation, the total amount in controversy easily exceeds $75,000.

### Diversity of Citizenship

15. "An individual is a citizen of the state in which he or she is domiciled." *Bloom v. Libr. Corp.*, 112 F. Supp. 3d 498, 502 (N.D.W. Va. 2015) (citing *Johnson v. Advance Am.*,

4870-5695-8821.v1

549 F.3d 932, 937 n.2 (4th Cir. 2008)). "Domicile requires physical presence, coupled with an intent to make the State a home." *Id.* Plaintiff is domiciled in West Virginia. (Ex. B, Compl. ¶ 1.)

16. For purposes of diversity, a limited liability company is a citizen of a state in which all of its members are a citizen. *Horne v. Lightning Energy Servs., LLC*, 123 F. Supp. 3d 830, 837 (N.D.W. Va. 2015) ("the citizenship of a limited liability company is determined by the citizenship of all of its members, regardless of the characterization of that membership."); *Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company (such as Mountain State) is determined by the citizenship of all of its members...."); *General Technology Applications, Inc. v. Extro Ltd.*, 388 F.3d. 121 (4th Cir. 2004) ("A limited liability company . . . is an unincorporated association . . . whose citizenship is that of its members.").

17. Argos is a Delaware limited liability company with a principal place of business in Alpharetta, Georgia. Argos' current managers are Maria Isabel Echeverri, a citizen of the Republic of Colombia, Simon Bates, a citizen of the State of Georgia, and Mark Prybylski, a citizen of the State of Georgia. Argos is, therefore, a citizen of the Republic of Columbia and Georgia. *See* Declaration of Juan Gabriel Mercado attached hereto as ***Exhibit D***.

18. Accordingly, complete diversity exists between Plaintiff and Defendant.

## Conclusion

19. Written notice of the filing of this Notice of Removal will be provided to Plaintiff, as required by 28 U.S.C. § 1446(d).

20. Further, a copy of this Notice of Removal will be promptly filed with the Clerk of the Circuit County of Berkeley County, West Virginia, as required by 28 U.S.C. §1446(d).

21.     Defendant filed a Notice of Bona Fide Defense in the Circuit Court on May 19, 2023, which provides Defendant with an additional 10 days to respond to the Complaint under West Virginia Rule of Civil Procedure 12(a).  Accordingly, Defendant files an Answer to Plaintiff's Complaint contemporaneously with this Notice of Removal.

WHEREFORE, for these reasons, Defendant has removed this action from the Circuit Court of Berkeley County, West Virginia, to the United States District Court for the Northern District of West Virginia.

Respectfully submitted this 25th day of May, 2023.

**ARGOS USA LLC**

By Counsel

*/s/ Mark H. Dellinger*
Mark H. Dellinger (WVSB #7703)
Laura H. Lorensen (WVSB # 12748)
Jackson Kelly PLLC
P.O. Box 553
Charleston, West Virginia 25322
Telephone: (304) 340-1000
Facsimile: (304) 340-1080
mark.dellinger@jacksonkelly.com
laura.lorensen@jacksonkelly.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

DARRYL HAHN,

    Plaintiff,

v.

Civil Action No. 3:23-CV-136 (Groh)
_____
(Removal from Circuit Court of Berkeley County, West Virginia, Civil Action No. CC-02-2023-C-155)

ARGOS USA LLC,

    Defendant.

## CERTIFICATE OF SERVICE

I, Mark H. Dellinger, do hereby certify that service of the foregoing "**Notice of Removal**" was made upon the following counsel of record, via First Class U.S. Mail, postage prepaid, and/or the CM/ECF system for the Northern District of West Virginia, on this 25th day of May, 2023:

> Gregory A. Bailey, Esq.
> J. Daniel Kirkland, PLLC
> Arnold & Bailey, PLLC
> 208 N. George Street
> Charles Town, West Virginia 25414

*/s/ Mark H. Dellinger*
Mark H. Dellinger (WVSB #7703)

8

4870-5695-8821.v1